IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TAUBARI OLANYAN LATSON,**

    **Petitioner,**

    v.                                                 Civil Action No. 3:13cv28
                                                         (Judge Groh)

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On March 7, 2013, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 with motion for leave to proceed as a pauper. The Clerk of Court issued a deficiency notice, directing him to file his complaint on a court-approved form, and either pay the five dollar filing fee, or file an application to proceed *in forma pauperis* ("IFP") on a court-approved form and supply a copy of his Prisoner Trust Account Report within 21 days. After being granted an extension of time to comply, petitioner paid the required fee on March 25, 2013, and on April 5, 2013, filed his petition on a court-approved form.

The petitioner is a federal inmate housed at USP Hazelton, challenging the validity of his sentence. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. Factual and Procedural History

**A. Conviction and Sentence**

On December 14, 1995, petitioner was charged in three counts of a nineteen-count indictment in the Eastern District of Virginia as follows: Count One, conspiracy to distribute and possession with intent to distribute a substance containing cocaine base, in violation of 21 U.S.C. §§846, 841(a)(1) and (b)(1)(A)(iii); Count Sixteen, possession with intent to distribute a substance containing cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b) and 18 U.S.C. §2; and Count Nineteen, unlawfully use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) and 18 U.S.C. §2. (E.D. Pa. Dkt.# 1) (2:95cr193-5).

On March 15, 1996, after a ten-day jury trial, petitioner, then approximately 21 years old, was found guilty of Counts One and Nineteen. (E.D. Va. Dkt.# 166)(2:95cr193-5). On July 29, 1996, he was sentenced to life imprisonment and ten years of supervised release on Count One, and sixty months imprisonment on Count Nineteen, to run consecutive to the sentence imposed on Count One, and three years' supervised release, to run concurrently with the ten-year term of supervised release imposed for Count One. (E.D. Va. Dkt.# 234) (2:95cr193-5).

**B. Direct Appeal**

Petitioner timely appealed. By Order entered March 31, 1998, the Fourth Circuit Court of Appeals affirmed the sentencing court's decision. Petitioner filed a petition for writ of *certiorari* on June 4, 1998, which was denied on October 14, 1998. (4th Cir. Dkt.# 119 and 120)(96-4650).

**C. §2255 Motion**

On October 4, 1999, petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court. (E.D. Pa. Dkt.# 286) (2:95cr193-5). By Order entered March 17, 2000, the District Court denied the §2255 motion. Petitioner timely appealed, and on October 19, 2000,

the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. (4th Cir. Dkt.# 17 and 18)(00-6568). Petitioner moved for rehearing on August 18, 2000; it was denied on October 10, 2000. (4th Cir. Dkt.# 22 and 27)(00-6568).

On January 5, 2006, petitioner filed a motion pursuant to 28 U.S.C. §2244 in the Fourth Circuit Court of Appeals, seeking authorization to file a successive Motion to Vacate pursuant to 28 U.S.C. §2255. By Order entered January 27, 2006, the Fourth Circuit Court of Appeals denied the motion. (4th Cir. Dkt# 7)(06-125).

On December 17, 2012, petitioner filed a second motion pursuant to 28 U.S.C. §2244 in the Fourth Circuit Court of Appeals, seeking authorization to file a successive Motion to Vacate pursuant to 28 U.S.C. §2255, alleging the same grounds he is raising here. (Dkt.# 10 at 4). By Order entered January 8, 2013, the Fourth Circuit Court of Appeals denied the motion. (4th Cir. Dkt# 4)(12-396).

**D. Other Collateral Proceedings**

On March 23, 2010, petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. §3582(c)(2). (E.D. Va. Dkt.# 457) (2:95cr193-5). By Order entered July 14, 2010, the motion was denied.[1] (E.D. Va. Dkt.# 480) (2:95cr193-5).

### III. Claims Raised by the Petitioner

Petitioner raises one ground for relief in his petition, averring that, based on intervening changes in the law, pursuant to the Fourth Circuit Court of Appeal's decision in United States v.

---

[1] The motion was denied "because the sentence imposed on Count One was mandatory, and even if it were not, a life sentence would be appropriate because of the offense level conduct and petitioner's criminal history." (E.D. Va. Dkt.# 480) (2:95cr193-5).

Simmons,[2] and the Supreme Court's holding in Carachuri-Rosendo v. Holder,[3] he no longer qualifies for the life sentence he received for violating 21 U.S.C. §841(b)1(A). He contends that his prior convictions no longer qualify as predicate offenses for purposes of enhancing his sentence to that of a mandatory life sentence.

As relief, petitioner requests that his "illegal" life sentence be vacated and his case remanded for re-sentencing under the "correct" guidelines.

### IV. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

---

[2] United States v. Simmons, 649 F.3d 237, 242 (4th Cir. 2011)(en banc).

[3] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[4]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, the imposition of his sentence. In particular, he alleges that his prior Virginia state convictions,[5] for which he was not incarcerated, but rather, only given a five-year term of probation and a five-year suspended sentence, respectively, were used as predicate offenses for a U.S.S.G. §4A1.1 sentencing enhancement for his federal drug offense. Although inartfully pled, it appears petitioner is claiming that the mandatory sentencing enhancement he received for his prior convictions, apparently pursuant to 21 U.S.C. §§ 851 and 841(b)(l)(B) is now invalidated, because his predicate convictions no longer qualify, according to the "monumental" Simmons decision.

However, petitioner's reliance on Simmons and Carachuri is inapposite. Simmons does not say, as petitioner contends, that in order for a prior conviction to count as a valid predicate offense under the Controlled Substance Act as defined under U.S.S.G. §4A1.1, the defendant must have been sentenced to a term of *actual* incarceration exceeding one year. To the contrary,

---

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[5] Although Petitioner contends he has attached as "Exhibit A," the "State of Virginia Commitment Orders dealing with the prior convictions listed within the governments [sic] §851 notice," (Dkt.# 10-1 at 3), there is no attachment to his court-ordered form petition. Attached to his original petition, however, there is an "Exhibit A," but it is not a "State of Virginia Commitment Order." Rather, it is an August 17, 2012 letter from Thomas G. Walker, United States Attorney for the Eastern District of North Carolina, to Thomas P. McNamara, Federal Public Defender in Raleigh, NC, discussing the implications of the Simmons case. The letter makes no mention of petitioner or his prior convictions. (Dkt.# 1-2 at 1-2).

Simmons holds that "a prior conviction for a felony drug offense" is a conviction for which the defendant *could have been* sentenced to more than one year in prison. Simmons, *supra* at 242, quoting Carachuri-Rosendo, *supra*.

Petitioner's apparent belief that Simmons and Carachuri render his prior convictions invalid for purposes of sentencing enhancement, because he did not *serve* a full year for either of them, misunderstands how the sentencing guidelines apply. The guidelines only require the offence to be *punishable* for more than one year to qualify as predicate offenses. See U.S.S.G. § 4B1.2(a). The punishment petitioner *actually* received for his predicate offenses is irrelevant.

Not only has petitioner failed to demonstrate that his predicate convictions have been invalidated based on a retroactively applicable Supreme Court decision, the crime for which he was convicted, and for which he received a life sentence, is still a crime. Therefore, even if petitioner satisfied the first and third elements of Jones, violations of 21 U.S.C. §841(b)(1)(A) remain criminal offenses and, therefore, petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.** Further, the undersigned recommends that petitioner's pending motion to proceed as a pauper (Dkt.# 2) be **DENIED** as moot.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by April, 25, 2013,** any party may file with the Clerk of the Court, written objections identifying

6

the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 11, 2013

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE