**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**TAUBARI OLANYAN LATSON,**

       Petitioner,

**v.**                        **CIVIL ACTION NO. 3:13-CV-28
(JUDGE GROH)**

**TERRY O'BRIEN, Warden,**

       Respondent.


**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert.  By standing order pursuant to Local Rule of Prisoner Litigation Procedure 2, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on April 11, 2013 [Doc. 11].  In that filing, the magistrate judge recommended that this Court dismiss with prejudice the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 [Docs 1, 10].

Pursuant to 28 U.S.C. §636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the Petitioner's right to appeal this Court's order.  28 U.S.C. §636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days after being served with a copy of the R & R pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).  On April 19, 2013, the Petitioner filed a motion for extension of time in which to object [Doc. 13], which this Court granted by Order dated April 23, 2013 [Doc. 14].  The Court ordered objections filed by July 2, 2013.  The Petitioner filed objections on June 10, 2013 [Doc. 19].  The Petitioner thus timely filed his objections.  Accordingly, the Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  The Court will review the remainder of the R & R for clear error.

## II.   <u>Factual and Procedural History</u>

### A.   **Conviction and Sentence**

On December 14, 1995, the Petitioner was charged in three counts of a nineteen-count indictment in the United States District Court for the Eastern District of Virginia.  Specifically, the Petitioner was charged with: (Count One) conspiracy to distribute and possession with intent to distribute a substance containing cocaine base, in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A)(iii); (Count Sixteen) possession with intent to distribute a substance containing cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b), and 18 U.S.C. §2; and (Count Nineteen) unlawfully using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) and 18 U.S.C. §2.

On March 15, 1996, the Petitioner was found guilty by a jury of Counts One and

Nineteen. On July 29, 1996, the Petitioner was sentenced to life imprisonment and ten years of supervised release on Count One. On Count Nineteen, the Petitioner was sentenced to sixty months imprisonment to run consecutive to the sentence imposed on Count One, and three years of supervised release, to run concurrently with the ten-year term of supervised release imposed for Count One.

**B.    Direct Appeal**

The Petitioner timely appealed his conviction. By Order dated March 31, 1998, the United States Court of Appeals for the Fourth Circuit affirmed the sentencing court's decision. On June 4, 1998, the Petitioner filed a petition for a writ of *certiorari* in the Supreme Court of the United States, which was denied on October 14, 1998.

**C.    Section 2255 Motion**

On October 4, 1999, the Petitioner filed a motion to vacate under 28 U.S.C. §2255 in the sentencing court. By order dated March 17, 2000, the district court denied the Petitioner's motion. The Petitioner timely appealed this order, and on October 19, 2000, the Fourth Circuit denied a certificate of appealability and dismissed the Petitioner's appeal. The Petitioner moved for a rehearing on August 18, 2000, which motion was denied on October 10, 2000.

On January 5, 2006, the Petitioner filed a motion pursuant to 28 U.S.C. §2244 in the Fourth Circuit, seeking authorization to file a successive §2255 motion to vacate. By Order dated January 27, 2006, the Court of Appeals denied the Petitioner's motion.

On December 17, 2012, the Petitioner filed a second motion pursuant to 28 U.S.C. §2244 in the Fourth Circuit, seeking authorization to file a successive §2255 motion to vacate. By Order dated January 8, 2013, the Court of Appeals again denied the Petitioner's

3

motion.

### D.     Other Collateral Proceedings

On March 23, 2010, the Petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. §3582(c)(2). By order dated July 14, 2010, the Petitioner's motion was denied by the United States District Court for the Eastern District of Virginia.

### E.     The Instant Proceedings

On March 7, 2013, the Petitioner, who is currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed in this Court a Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 [Doc. 1].  In response to the District Clerk's Notice of Deficient Pleading [Doc. 4], the Petitioner completed a court-approved habeas form which was filed on April 5, 2013 [Doc. 10].  On April 11, 2013, the magistrate judge entered his R & R [Doc. 11]. On June 10, 2013, after having been granted an extension of time by this Court, the Petitioner filed his objections to the magistrate judge's R & R [Doc. 19].

## III.   <u>Discussion</u>

The Petitioner raises one contention in his Petition: that based upon ***United States v. Simmons***, 649 F.3d 237 (4th Cir. 2011) (en banc), and ***Carachuri-Rosendo v. Holder***, 130 S. Ct. 2577 (2010), the Petitioner no longer qualifies for the life sentence he received pursuant to 21 U.S.C. §841(b)(1)(A).  The Petitioner argues that his prior convictions no longer qualify as predicate offenses for purposes of enhancing his sentence to that of a mandatory life sentence.

21 U.S.C. §841(a) provides that "it shall be unlawful for any person knowingly or

4

intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. §841(b)(1)(A)(viii) provides that:

> [A]ny person who violates [21 U.S.C. §841(a)] . . . involving . . . 280 grams or more of a mixture or substance . . . which contains cocaine base . . . after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release . . . .

In *Carachuri*, 130 S. Ct. at 2580, a lawful permanent resident faced deportation under federal law after he committed two misdemeanor drug possession offenses in the State of Texas. For the first offense, possession of less than two ounces of marijuana, the defendant received 20 days in jail. *Id.* For the second offense, possession without a prescription of one tablet of alprazolam ("Xanax"), the defendant received 10 days in jail. *Id.* Pursuant to the Immigration and Naturalization Act ("INA"), 8 U.S.C. §1101, *et seq.*, a lawful permanent resident subject to removal from the United States may apply for discretionary cancellation of removal if, *inter alia*, they "[have] not been convicted of any aggravated felony." *Carachuri*, 130 S. Ct. at 2580-2581 (citing 8 U.S.C. §1229b(a)(3)).

The INA defines the term "aggravated felony" as including a "drug trafficking crime," 8 U.S.C. §1101(a)(43)(B), which another statute defines as including "any felony punishable under the Controlled Substances Act," 18 U.S.C. §924(c)(2). A final statutory provision limits a qualifying "felony" to "a crime for which the 'maximum term of imprisonment authorized' is 'more than one year.'" *Carachuri*, 130 S.Ct. at 2581 (quoting 18 U.S.C. §3559(a)). Thus, "at bottom, the question presented was whether [the defendant] had been 'convicted of' a crime 'punishable as a federal felony' under the

[Controlled Substances Act]—that is, a crime for which the 'maximum term of imprisonment authorized' under the [Controlled Substances Act] exceeds one year." ***United States v. Simmons***, 649 F.3d 237, 241 (4th Cir. 2011) (quoting ***Carachuri***, 130 S.Ct. at 2583).

Although Texas law permitted an enhanced sentence for recidivist possession, the State of Texas did not seek to use the marijuana conviction to enhance the defendant's subsequent Xanax conviction. ***Carachuri***, 130 S.Ct. at 2583. In arguing that the Xanax conviction nevertheless constituted a predicate "aggravated felony" conviction under the INA, the Government asserted that if the defendant had faced federal prosecution for the Xanax offense, he could have received a 2-year sentence. ***Id.*** at 2582. This was so because federal law provides for a sentence of up to two years for drug possession, as long as the offender has a "prior conviction for any drug . . . offense chargeable under the law of any State." 21 U.S.C. §844(a). Therefore, the defendant hypothetically could have received a 2-year federal sentence for his Xanax offense, and in view of this hypothetical, the Government argued that the defendant's Xanax conviction was for an aggravated felony that was "punishable" by imprisonment for more than one year, even though the defendant actually received a sentence of only ten days' imprisonment. ***Id.*** at 2587.

Focusing on the INA's use of the phrase "*convicted* of a[n] aggravated felony," the Supreme Court reasoned that the "text thus indicates that we are looking to the conviction itself as our starting place." ***Id.*** at 2586 (emphasis added). Noting that the defendant's Xanax conviction contained "no finding of the fact of his prior drug offense," the Court held that the defendant was "not actually convicted" of an offense punishable by a term of imprisonment exceeding one year. ***Id.*** at 2586-87 (internal quotation omitted).

6

The Supreme Court also rejected the argument that the defendant's conviction was for only one "offense"—drug possession—that was potentially "punishable" by an enhanced sentence, even though the Controlled Substances Act reserved enhanced sentences for recidivists. While acknowledging that the text of 21 U.S.C. §844(a) did not "expressly define a separate offense of 'recidivist simple possession,'" *Id.* at 2581 n.3, the Court found that because "the fact of a prior conviction must still be found . . . before a defendant is subject to felony punishment," §844(a) contained a "felony simple possession provision" that is "separate and distinct from the misdemeanor simple possession offense." *Id.* Accordingly, the Court held that the defendant had only been convicted of a "misdemeanor simple possession" offense with regard to his possession of Xanax, for which he could have received a maximum punishment of only one year.

The Fourth Circuit in *Simmons*, acting upon remand from the Supreme Court, applied *Carachuri* and vacated its prior decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). *Simmons* involved a defendant who was charged with three counts of marijuana trafficking under the Controlled Substances Act. *Id.* at 239. The Government subsequently filed a Bill of Information pursuant to 21 U.S.C. §851, alleging that the defendant had been convicted in 1996 in the State of North Carolina for possession with intent to distribute marijuana, which the Government argued constituted a predicate "felony drug" conviction sufficient to trigger a sentence enhancement under the Controlled Substances Act which would double the defendant's minimum sentence from five years to ten years. *Id.*

In accord with *Carachuri*, the Fourth Circuit found that "[a] proper analysis of [the

defendant's] sentencing enhancement requires that we first place his prior North Carolina conviction in the context of the unique statutory regime mandated by the North Carolina Structured Sentencing Act." **Simmons**, 649 F.3d at 240.  Upon analyzing the applicable North Carolina sentencing statutes, the Fourth Circuit concluded that the defendant in that case "was neither charged with nor convicted of an aggravated offense, and . . . therefore could not receive a sentence exceeding one year's imprisonment" for his predicate offense under North Carolina law.  *Id.* at 244-45.  The Fourth Circuit therefore vacated the defendant's sentence and remanded his case to the trial court for resentencing.

Before addressing the substance of the Petitioner's argument, the Court must first address the distinction between habeas petitions filed pursuant to 28 U.S.C. §2241 and those filed pursuant to 28 U.S.C. §2255.  Generally speaking, a petition filed pursuant to §2241 must pertain to the execution of a sentence, *i.e.*, an applicant's conditions of confinement, commitment or detention, while a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence.  *See, e.g., **In re Jones***, 226 F.3d 328 (4th Cir. 2000).  However, even a petitioner who is seeking to challenge a conviction or the imposition of a sentence may file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy.  In this respect, the Fourth Circuit has concluded that:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not

one of constitutional law.

***In re Jones***, 226 F.3d at 333-34.

The "gatekeeping provisions" of §2255 provide that a second or successive §2255 petition may only be filed if the claim sought to be raised represents: "(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

In the case *sub judice*, the Petitioner is not challenging the execution of his sentence, but, rather, his conviction and/or the imposition of his sentence. He is, therefore, in essence seeking §2255 relief. Moreover, the Petitioner has filed a prior §2255 petition, rendering the instant proceeding a second or successive §2255 petition. Such being the case, the Petitioner must demonstrate that §2255 is an inadequate or ineffective remedy in order to bring the underlying allegations as part of a §2241 claim. The Petitioner fails to do so.

The Petitioner's argument that the ***Carachuri*** and ***Simmons*** decisions render his prior convictions invalid for purposes of the sentencing enhancement which he ultimately received is incorrect as a matter of law. Both of those cases stand for the proposition that, for purposes of analyzing whether a prior state conviction constitutes a predicate offense permitting the application of a federal sentencing enhancement, the appropriate inquiry is whether or not the particular defendant was convicted of a crime *punishable* as a federal

felony—*i.e.*, punishable by more than one year's imprisonment. The ***Carachuri*** and ***Simmons*** decisions do not, as the Petitioner maintains, stand for the proposition that a federal sentencing enhancement must be based on the length of the sentence which a defendant *actually received* for a prior state conviction.

   ***Carachuri*** and ***Simmons*** reversed prior case law which had permitted federal sentencing courts to classify prior state court convictions as felonies based upon "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *See* ***Simmons***, 649 F.3d at 241. ***Carachuri*** and ***Simmons*** mandate that prior state convictions must be classified on the basis of the maximum sentence which the particular defendant in question could have received under the applicable state sentencing scheme at the time of conviction.

   In Carachuri's case, because the Texas prosecutor at the time of Carachuri's second state-level prosecution for simple possession declined to charge him as a recidivist, Carachuri was never charged with a crime which under Texas law could have been punishable by more than one year in prison, and he therefore could not be deemed to have been convicted of an "aggravated felony" for purposes of the Immigration and Naturalization Act. ***Carachuri***, 130 S. Ct. at 2586.

   Likewise, in Simmons' case, under North Carolina's sentencing scheme, the offense with which Simmons was charged could only have resulted in more than one year's imprisonment if the State of North Carolina both: (1) proved the existence of aggravating factors sufficient to warrant the imposition of an aggravated sentence; and (2) demonstrated that the defendant possessed fourteen or more criminal history points under

North Carolina's sentencing scheme, resulting in a "prior record level" of at least 5. *See*

*Simmons*, 649 F.3d at 240-41. Where the State of North Carolina made neither requisite

showing, Simmons could not have received more than one year's imprisonment, and his

conviction therefore could not be used as the basis for a federal sentencing enhancement

pursuant to 21 U.S.C. §841.

In the instant case, the prior convictions relied upon by the Government in seeking

a sentencing enhancement with regard to the Petitioner were: (1) a 1995 conviction by the

Commonwealth of Virginia for a violation of Va. Code Ann. §18.2-248, which was

consolidated with a separate conviction for a violation of Va. Code Ann. §18.2-250; and (2)

a subsequent 1995 conviction by the Commonwealth of Virginia for a separate violation of

Va. Code Ann. §18.2-250.

Va. Code Ann. §18.2-248, which criminalizes drug distribution, provides that "any

person who violates this section with respect to a controlled substance classified in

Schedule I or II shall upon conviction be imprisoned for not less than five nor more than 40

years . . . ." *See* Va. Code Ann. §18.2-248(C). Under Virginia law, cocaine, which the

Petitioner was convicted of selling, is a Schedule II drug. *See* Va. Code Ann. §54.1-

3448(1). Therefore, the Petitioner's conviction for violation of Va. Code Ann. §18.2-248

was a crime punishable by more than one year in prison. The fact that the Petitioner

actually received a suspended sentence makes no difference.

Likewise, Va. Code Ann. §18.2-250, which criminalizes drug possession, provides

that "[a]ny person who violates this section with respect to any controlled substance

classified in Schedule I or II . . . shall be guilty of a Class 5 felony." *See* Va. Code Ann.

§18.2-250(A)(a).  Again, under Virginia law, cocaine, which the Petitioner was convicted of possessing, is a Schedule II drug.  *See* Va. Code Ann. §54.1-3448(1).  Pursuant to Va. Code Ann. §18.2-10(e), "[t]he authorized punishments for conviction of a [Class 5 felony] are: a term of imprisonment of not less than one year nor more than 10 years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months . . . ."  Therefore, the Petitioner's conviction for violation of Va. Code Ann. §18.2-250 was a crime punishable by more than one year in prison.  The fact that the Petitioner actually received a suspended sentence with regard to one conviction and a term of twelve months' imprisonment with regard to the other makes no difference.

Accordingly, the Petitioner's arguments pursuant to **Carachuri** and **Simmons** are inapposite and unpersuasive.  As a result, the Petitioner fails to meet any of the three prongs of the **Jones** analysis, and therefore fails to demonstrate that §2255 is an inadequate or ineffective remedy.  Such being the case, the instant Petition must be dismissed as a second or successive §2255 petition, over which this Court is without jurisdiction.  *See* 28 U.S.C. §2255(h).  The Petitioner's objection is thus **OVERRULED**.

IV.    **Conclusion**

Upon careful review of the Report and Recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 11]** must be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the report.  Further, the Petitioner's Objection **[Doc. 19]** is **OVERRULED**.  Accordingly, the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 **[Docs. 1, 10]** is hereby **DISMISSED WITH PREJUDICE** for the same reasons as stated above.

In light of the foregoing, the Petitioner's pending Motion for Leave to Proceed *in Forma Pauperis* **[Doc. 2]**, and "Motion to Amend Pursuant to Fed. R. Civ. P. 15(c)" **[Doc. 20]**, are both **DENIED AS MOOT**.

Finally, because the Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c).

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner. The Clerk is further directed to enter judgment in favor of the Defendant pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

**DATED:** August 15, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE